UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR LEE AVERY,

    Petitioner,

v.                                                        CASE NO. 6:05-cv-1634-Orl-19JGG
                                                               (6:03-cr-65-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case involves a second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Arthur Lee Avery (Doc. No. 27). Petitioner also filed a supporting memorandum of law (Doc. No. 28). The Government filed a timely response (Doc. No. 36) to the second amended section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 41) to the response.

### I. *Procedural History*

Petitioner and several other individuals were charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, commonly known as "crack" cocaine. (Criminal Case No. 6:03-cr-65-Orl-19JGG, Doc. No. 1, filed March 19, 2003).[1] On October 29, 2003, Petitioner executed a written plea agreement (Criminal Case

---

[1] Criminal Case No. 6:03-cr-65-Orl-189GG will be referred to as "Criminal Case."

Doc. No. 310). On the same day, he entered a plea of guilty to count one before United States Magistrate Judge James G. Glazebrook. *See* Criminal Case Doc. No. 309. Magistrate Judge Glazebrook entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty of count one and have sentence imposed accordingly (Criminal Case Doc. No. 313). The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 315). A sentencing hearing was conducted, and the district court entered a Judgment in a Criminal Case sentencing Petitioner to a 238-month term of imprisonment (Criminal Case Doc. No. 352). Petitioner filed a notice of appeal, and the Eleventh Circuit issued an unpublished opinion affirming Petitioner's conviction. *See* Criminal Case Doc. No. 382.

Petitioner originally initiated this action on November 2, 2005, by filing a § 2255 motion with an attached brief (Doc. No. 1). The brief exceeded the twenty pages limit set forth in Local Rule 3.01(c) and was stricken (Doc. No. 3). Petitioner then filed an amended § 2255 motion (Doc. No. 16) and memorandum of law (Doc. No. 17) setting forth two claims for relief: ineffective assistance of counsel for failing to object to Petitioner's unintelligent and involuntary plea (claim one) and for failing to object when the district court abused its discretion in applying five points for prior juvenile convictions (claim two). (Doc. No. 16 at 3; Doc. No. 17 at 2.) After the Government filed its response (Doc. No. 21) to the amended § 2255 motion, Petitioner filed a motion to amend (Doc. No. 22). The motion to amend was granted with the proviso that the second amended motion "contain all of [Petitioner's] claims without reference to the original or amended § 2255 motion." (Doc. No. 25.)

Petitioner then filed the instant second amended § 2255 motion (Doc. No. 27) and memorandum of law (Doc. No. 28) alleging two claims for relief: first, that he received ineffective assistance of counsel; and second, that the Government violated the plea agreement. The Government appears to believe that Petitioner's second amended motion "implicitly incorporat[es Petitioner's] first amended motion." (Doc. No. 36.) Therefore, the Court will first address the claims in both motions.

## I.     *Petitioner's Second Amended § 2255 Motion*

### *Claim One*

Petitioner argues that he received ineffective assistance of counsel because his counsel "failed to prepare mitigating evidence" and did not object to the use of "uncounseled juvenile priors" in computing his criminal history. (Doc. No. 28 at 5.)

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires the defendant

to show that the deficient performance prejudiced the defense.[2] *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

Petitioner's allegations are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *aff'd without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). Petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 764 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989). Moreover, he must provide evidence, not mere conclusory allegations that counsel overlooked exculpatory information. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991); *cf. Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985), *cert. denied*, 479 U.S. 918 (1986) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation.) In the present case, Petitioner has neither identified the "mitigating" evidence counsel overlooked nor identified the prior juvenile convictions that were "uncounseled."[3] Petitioner's bald assertions are inadequate

---

[2]In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

[3]Additionally, the Government has provided copies of state court documents showing that Petitioner was represented by counsel during the juvenile proceedings scored in the presentence report. *See* Doc. Nos. 37-39.

4

to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

*Claim Two*

In claim two, Petitioner avers that the Government violated the plea agreement when it "did not calculate [his] sentence in accordance with the promise made in the negotiations." (Doc. No. 28 at 6.) In particular, Petitioner avers that the "Government misled [him] by failing to enumerate in the plea agreement that it would seek an enhanced sentence under the crack cocaine v. [sic] powder cocaine scheme." *Id*. at 7.

This claim is flatly refuted by the record. The indictment, plea agreement, and plea colloquy all specifically state that Petitioner's offense involved in excess of 50 grams of crack cocaine and five kilograms or more of cocaine hydrochloride. *See* Criminal Case Doc. No. 1 at 2; Doc. No. 310 at 1, 15-16; and Doc. No. 376 at 2, 6. During the plea hearing, Magistrate Judge Glazebrook specifically advised Petitioner that the "amount of drugs involved and the type of drugs involved [were] very important in the sentencing guidelines calculations in drug cases." (Doc. No. 376 at 13.) Petitioner indicated that he understood. *Id*. He later admitted that he conspired to possess with the intent to sell five kilograms of cocaine hydrochloride and 50 grams or more of crack cocaine. *Id*. at 18. In response to questioning from the Magistrate Judge, Petitioner again acknowledged that he sold both powder and crack cocaine. *Id*. at 19.

Clearly, Petitioner was well aware that he was being charged with an offense that involved both powder and crack cocaine. He also knew that the type and quantity of drugs

would have an impact on the calculation of his sentence. The Government did not mislead or ambush Petitioner regarding this matter.

Petitioner also states that the Government broke the plea agreement by "the deliberate introduction of [his] prior juvenile conviction that was left unadjudicated by the state court." *Id.* at 9. Again, Petitioner's allegations are vague and conclusory. He has neither identified the particular conviction at issue nor provided any support for his assertion that a conviction was "unadjudicated." This claim must fail.

## II.     *Petitioner's First Amended § 2255 Motion*

### *Claim One*

In the first claim, Petitioner contends that his counsel was ineffective for failing to object to Petitioner's unintelligent and involuntary plea. A review of the record reveals that Petitioner's plea was intelligent, knowing, and voluntary. During the plea hearing, he stated under oath that he had discussed the charge and plea agreement with his attorney; that he was satisfied with his attorney's services; and that he had not been threatened, coerced, or pressured to enter the plea. (Criminal Case Doc. No. 376 at 6-9.) Petitioner also stated that he understood the nature of the charge against him, the maximum penalty, and the rights he would waive by entering a plea. *Id.* at 5-7, 12, 14, 16-18. These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner understood the charge against him and understood the direct consequences of his plea. These circumstances do not warrant a finding that Petitioner's plea was involuntary or that his due process rights were violated. *See Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) ("A reviewing court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.") (internal quotation and citation omitted), *cert. denied*, 502 U.S. 835 (1991). Because the plea was neither unintelligent nor involuntary, Petitioner has not and cannot demonstrate ineffective assistance of counsel regarding this matter.

*Claim Two*

In claim two of the amended § 2255 motion, Petitioner contends that his counsel was ineffective for failing to object to five criminal history points that were based on Petitioner's prior juvenile convictions. According to Petitioner, "for offenses committed prior to age eighteen (18), only those that resulted in adult sentence(s) of imprisonment exceeding one (1) year [and] one (1) month [are] counted." (Doc. No. 17 at 10.) Petitioner's statement, however, is incomplete. The offenses he describes are scored three criminal history points. U.S.S.G. § 4A1.2(d)(1). Under United States Sentencing Guideline § 4A1.2(d)(2)(A), two points are assessed for juvenile sentences of at least sixty days if the defendant was released from such confinement within five years of when he commenced the instant offense. In addition, § 4A1.2(d)(2)(B) provides one point for juvenile sentences imposed

7

within five years of when the defendant commenced the instant offense if the juvenile offense was not covered in § 4A1.2(d)(2)(A). According to the plea agreement, Petitioner commenced the instant offense "in late 2001." (Criminal Case Doc. No. 310 at 15.) The juvenile sentences challenged by Petitioner were all imposed within the five years prior to late 2001. *See* Doc. No. 17, Exhibit B at 4. Because Petitioner's juvenile offenses were properly scored under § 4A1.2(d)(2), counsel cannot have been deemed ineffective for failing to raise a meritless objection.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The second amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Arthur Lee Avery (Doc. No. 27) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:03-cr-65-Orl-19JGG.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 434) filed in criminal case number 6:03-cr-65-Orl-19JGG.

**DONE AND ORDERED** at Orlando, Florida, this _9th____ day of February, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8

Copies to:
sa 2/9
Arthur Lee Avery
Counsel of Record